UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RONALD C. FELDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 2:14-CV-283 JM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Ronald C. Felder, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE # 1.) In ISP-15-05-0040, a hearing officer at the Indiana State Prison ("ISP"), found Felder guilty of a Class B212 offense, assault/battery upon another person. (DE # 14-6.) The hearing officer imposed sanctions including a loss of 29 days of earned credit time, and a demotion from credit class 1 to credit class 2. (DE # 14-6 at 1.) The charge was initiated on May 2, 2014, when Lead Internal Affairs Investigator Rollin Pomeroy prepared a conduct report stating as follows:

> Based on CCTV evidence and information obtained by this investigation, I am charging Ronald Felder 964201 with Assault/Battery, a violation of ADP Code B-212.
>
> Please see Report of Investigation of Incident 14-ISP-0071.

(DE # 14-1 at 1.)

The referenced Report of Investigation provides:

> On Wednesday 3/19/14 at 8:30 PM, I was called to the prison for an emergency. At approximately 7:24 PM, Ronald Felder 964201 and Jammy Daniels 956028 were both reportedly injured in a fight on 400 South Range of BCH. Daniels had a cut on his left shoulder and a cut on his lower right chest area. Daniels also had abrasions on his face and across his back. Felder had contusions on the left side of his face, chin and cut on the palm of his left hand.
>
> I interviewed Felder, who stated that he was on 400 South, sitting on a mop bucket, eating his tray, when Daniels came up to him and squatted down and kept asking him for some toonshie (Synthetic Marijuana). When Felder stood up, Daniels attacked him. Felder stated that he balled up and did not fight back. Felder denied having a knife, or cutting Daniels. Felder stated that he did not know how Daniels received his injuries.
>
> I checked the 400 South Range camera, which showed Felder and Daniels fighting. It was not apparent, however, what started the fight or who struck first. Daniels broke loose and ran toward the front of the range, with Felder in pursuit, into a crowd of offenders. Felder can be seen striking Daniels in the areas where Daniels was injured. Daniels can be seen blocking Felder's blows. CCTV recordings are available for DHB review.
>
> Both Felder and Daniels wrote statements, after the incident (attached).
>
> Both offenders were fighting and both offenders were injured. Based on the CCTV evidence and information obtained by this investigation, I am charging Ronald Felder 964201 with Battery, a ADP violation of code B-212.
>
> For further information, see CONFIDENTIAL investigative report 14-ISP-0071.

(DE # 14-1 at 2.)

On May 8, 2014, Felder was notified of the charge and his rights when he was served with the conduct report and the notice of disciplinary hearing. (DE # 14-2.) Felder pleaded not guilty and requested a lay advocate. (*Id.*) He also wished to call "Daniels DE 115" as a witness and requested "Count letter and phone list for 3/19/14" and "camera evidence" as physical evidence. (*Id.*)

The Disciplinary Hearing Board viewed the video. (DE # 14-6.) A hearing officer conducted the disciplinary hearing on May 15, 2014. (DE # 14-6 at 1.) The hearing officer found Felder guilty and reasoned, "I believe the conduct report and IA Report 14-ISP-0071 to be true, clear and concise. Based on the conduct report, IA report 14-0071, camera review I'm finding Felder guilty. Camera surveillance shows Felder pursing Daniels and hits him." (*Id*.) Felder's appeals were denied and this petition followed. (DE ## 14-7, 14-8.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Felder raises five claims in his petition: (1) the conduct report is deficient; (2) evidence was not disclosed to him; (3) his written statement was refused; (4) the decision maker was not impartial; and (5) the hearing officer's written decision was inadequate.

First, Felder contends that the conduct report is deficient because it fails "to meet the established Procedural Criteria set forth within Policy and Administrative

Procedure #02-04-101(The disciplinary code for adult offenders.)" (DE # 2 at 3-4.) However, even if internal rules or policies were violated, this would not entitle Felder to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). Notably, there is no constitutional deficiency in the Report of Conduct as it put Felder on notice of the charge against him.

Second, Felder challenges the fact that certain evidence was kept confidential in this case. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public[.]" *White v. Indian Parole Board*, 266 F.3d 759, 767 (7th Cir. 2001). Due process does require that confidential information bear sufficient indicia of reliability. *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Reliability can be established based on the following: (1) the oath of the investigating officer as to the truth of his report; (2) corroborating testimony; (3) a statement on the record by the chairman of the disciplinary committee that he had firsthand knowledge of the sources of information and considered them reliable on the basis of a past record of reliability; or (4) an *in camera* review of the material. *Id.* If a disciplinary board fails to address the information's reliability, the district court may

conduct its own review. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988).

Here, the hearing officer made a general statement that she found the confidential report to be "true and accurate." (DE # 14-6.) In addition, the court has independently reviewed the file, and without revealing its contents, concludes that it contains reliable evidence to support the hearing officer's finding of guilt, as well as undermining Felder's account of what occurred.

Third, Felder complains that the hearing officer did not take and consider a written statement he offered. On the report of disciplinary hearing, the hearing officer noted that he refused the written statement because Felder presented it after the hearing officer had made his decision sanctioning Felder. (DE # 14-6 at 3.) "The due process clause does not require later consideration of evidence that could have but was not presented during a prison disciplinary proceeding." *Jones v. McCaughtry*, 6 Fed. Appx. 371, 372-73 (7th Cir. 2001) (citing *McPherson v. McBride*, 188 F.3d 784, 786-87 (7th Cir. 1999)). Because Felder did not submit the statement until after the disciplinary hearing, his submission of additional evidence is irrelevant to the Court's due process inquiry. *Id.* Even if Felder timely submitted the written statement, Felder would have to establish resulting prejudice from the hearing officer's failure to consider it. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th 2003). As Felder submitted a lengthy written statement during the internal affairs investigation and also made a statement during the hearing,

there is no apparent prejudice resulting from the hearing officer refusing a third statement from Felder.

Fourth, Felder claims the hearing officer was not an impartial decision maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Here, Felder does not clearly explain why he believes the hearing officer was biased, but there is no indication that he was involved in any way in the events underlying the charge. He appears to believe the hearing officer was impartial because the evidence did not support the finding of guilt. But adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

Finally, Felder claims that the hearing officer's written decision was inadequate. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the hearing officer's report indicated that he considered the conduct report, the investigative report, and the surveillance video, and decided to credit the reports. (DE # 14-6.) His statement is not lengthy, but it adequately identified the evidence relied on and illuminated the basis

for his decision, which was that he chose to credit Officers Pomeroy's account over Felder's denials. The written statement the hearing officer provided satisfied the minimal requirements of due process, and therefore this claim is denied.

Although not defined as a ground for habeas relief, Felder alludes that there is insufficient evidence in the record to support the conclusion reached by the hearing officer. All that the respondent must show is that there is some evidence in this case that Hall attempted to possess a cellular telephone. The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson,* 13 F.3d at 1077. The conduct report, investigative report and the surveillance video are some evidence that Felder assaulted a fellow inmate. *McPherson*, 188 F.3d at 786 (conduct report alone provided "some evidence" to support disciplinary determination). Accordingly, the "some evidence" standard has been met here.

Not only is there sufficient evidence to find Felder guilty of the charged offense, but there has been no showing that he was deprived any due process along the way.

Based on the record, there was sufficient evidence to find Felder guilty of assault, a Class B offense 212, and Felder has not made a showing that his due process rights have been violated.

For the foregoing reasons, the petition is **DENIED.** (DE # 1.)

                          **SO ORDERED.**

Date: July 23, 2015

                      s/ James T. Moody
                      JUDGE JAMES T. MOODY
                      UNITED STATES DISTRICT COURT